The Honorable Tim Woolridge State Senator P.O. Box 339 Paragould, AR 72451
Dear Senator Woolridge:
I am writing in response to a question you have posed arising from the following reported facts:
 Act 442 was passed by the General Assembly in 1973 and is now codified as A.C.A. Section 12-8-108. Subsection (a) imposes on the Arkansas Sate Police the responsibility of the safety and security of the Governor and his family, the Lieutenant Governor and his family, the Governor's Mansion and mansion grounds and the State Capitol Building and Grounds. Subsection (b) authorizes the State Police to assign officers in such numbers and to such locations as is necessary to carry out the responsibility imposed by subsection (a).
 Over the past several years, the Arkansas State Police has provided around the clock protection to those persons and places listed in subsection (a). In addition, Act 468 of 1989 established the State Capitol Police as a supplement to Act 422 to provide further safety and security to citizens and their property in and around the State Capitol Building.
You pose the following question relating to the above:
 With respect to Act 422, how much, if any, discretion does the State Police Department have to reduce the number of personnel to a level below that which is necessary to satisfy the obligation of protection in subsection (a) when the duties imposed by this section are requested by the proper authority?
RESPONSE
I must decline to issue an opinion on this question as it is my understanding that a constitutional officer has retained private counsel to initiate litigation in this matter. It has long been the policy of this office to avoid rendering opinions on matters that are the subject of current or impending litigation. See Op. Att'y Gen. 2002-031 ("[I]n order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending or appear inevitably bound to be submitted to the courts for resolution."); and Op. Att'y Gen. 96-138
(declining to issue an opinion where litigation was imminent on the question presented, where school districts had already obtained counsel in the matter, and where Attorney General's office was charged with the duty of defending a state agency).
I must therefore respectfully decline to answer your question at this time.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh